UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |
|---|---|
| NANCY L. JAMES, Chapter 7 Trustee<br><br>                Plaintiff,<br>     v.<br>JAMES C. PATON, *et al.*,<br>                Defendants,<br>     v.<br>CLARK NUBER, P.S.,<br>                Third Party Defendant. | Civil Case No. C15-1914RSL<br><br>ORDER GRANTING DEFENDANT TOMANKA'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on defendant "Tomanka's Motion for Summary Judgment" based on the applicable statute of limitations. Dkt. # 26. Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing

ORDER GRANTING DEFENDANT TOMANKA'S
MOTION FOR SUMMARY JUDGMENT - 1

that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." Krechman v. County of Riverside, 723 F.3d 1104, 1109 (9th Cir. 2013). Although the Court must reserve for the jury genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. City of Pomona v. SQM N. Am. Corp., 750 F.3d 1036, 1049 (9th Cir. 2014); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor. FreecycleSunnyvale v. Freecycle Network, 626 F.3d 509, 514 (9th Cir. 2010).

Plaintiff, the Chapter 7 Trustee for the Breast Cancer Prevention Fund ("BCPF"), alleges that Tomanka was a director of BCPF in 2006 and 2007 and that she failed to exercise the care an ordinarily prudent person in that position would exercise, thereby violating various duties owed to BCPF. The Trustee has not provided evidence that Tomanka knew that BCPF's founder and president, James Paton, was personally and improperly benefitting from the charitable organization during her tenure as a director of BCPF. Rather, the allegations of the complaint show that Paton misled Tomanka regarding his relationship with the telemarketer BCPF hired to raise funds (Dkt. # 66 at ¶ 3.6), that Tomanka reviewed and relied on the tax forms and audits completed by BCPF's accounting firm (Dkt. # 66 at ¶ 3.8), and that Tomanka was unaware that Paton had directed the telemarketer to make misrepresentations to donors (Dkt. # 66 at ¶ 3.9). Nevertheless, the Trustee asserts negligence, breach of fiduciary duty, and breach of charitable trust claims against Tomanka based on her failure to investigate, discover, and prevent Paton's self-dealing.

The parties agree that the claims asserted against Tomanka are governed by a three year statute of limitations. Tomanka argues that, because she had no involvement with BCPF after 2007, any claim arising from her activities as a director had to be filed no later than the end of

ORDER GRANTING DEFENDANT TOMANKA'S
MOTION FOR SUMMARY JUDGMENT - 2

2010. Causes of action against a director do not necessarily accrue when the director resigns, however. Alexander v. Sanford, 181 Wn. App. 135, 169 (2014). The discovery rule and the analogous doctrine of adverse domination apply to toll the limitations period in certain circumstances. The question is whether those circumstances exist in this case.

The discovery rule postpones the accrual of a cause of action until the "plaintiff discovers, or in the reasonable exercise of diligence should discover, the elements" of the claim. 1000 Va. Ltd. Parntership v. Vertecs Corp., 158 Wn.2d 566, 575-76 (2006). The doctrine of adverse domination is an application of the discovery rule: where the majority of a corporation's directors are engaged in wrongdoing, there is a rebuttable presumption that the corporate plaintiff does not have notice of the wrongdoing until the erring directors are no longer in control of the corporation. Alexander, 181 Wn. App. at 154 (citing Hecht v. Resolution Trust Corp., 635 A.2d 394, 405 (Md. 1994)). If someone other than the wrongdoing directors has both knowledge of the facts giving rise to a cause of action and the ability and motivation to bring a claim (such as a shareholder derivative suit), the presumption is rebutted. Alexander, 181 Wn. App. at 154 (citing Fed. Deposit Ins. Corp. v. Smith, 980 P.2d 141, 145 (1999)). The Trustee argues that, because she has accused every board member of wrongdoing, the limitations period was tolled until the Trustee, acting on BCPF's behalf, became aware of Paton's self-dealing and Tomanka's related failure to exercise ordinary care in carrying out her duties as a director.[1]

The corporation's lack of knowledge is not the only consideration when determining whether the doctrine of adverse domination applies in Washington, however. The Washington

---

[1] The Trustee maintains that the necessary information came to light in November 2013, when the IRS revealed the results of an audit and revoked BCPF's 501(c)(3) status. It appears, however, that Paton resigned from the board of directors in October 2011, that BCPF acquired an independent Executive Director in January 2012, and that the erring directors had lost control of the corporation by mid-2012 (and at the latest by the time BCPF filed for bankruptcy in July 2013). The Trustee does not attempt to show that the alleged malfeasance could not, in the reasonable exercise of diligence, have been discovered before November 2013. For purposes of this motion, the Court need not determine the exact date the causes of action accrued.

ORDER GRANTING DEFENDANT TOMANKA'S
MOTION FOR SUMMARY JUDGMENT - 3

Court of Appeals recognized that there was a disagreement among the jurisdictions that had adopted the doctrine of adverse domination regarding the level of culpability that board members must exhibit to trigger the doctrine. Alexander, 181 Wn. App. at 155. The court reviewed the case law and concluded that the underlying presumption of corporate ignorance is justified only where the directors have taken steps to conceal the wrongdoing – be it negligent or intentional – so as to make it difficult for others to discover and remedy the misconduct. 181 Wn. App. at 156-57. Where the directors are unaware of their own malfeasance – for example where they are so disengaged from the activities and governance of the corporation that they are unaware of the need to conceal information – concealment is not likely and the doctrine of adverse domination does not apply. 181 Wn. App. at 157 and 162. The Alexander court expressly rejected the notion that a corporation is prevented from discovering its claims against those in control solely because of that control. 181 Wn. App. 156 (rejecting analysis of Clark v. Milam, 452 S.E.2d 714, 719 (W.Va. 1994)). The court also noted that requiring plaintiff to allege concealment in addition to the elements of the underlying claim in order to trigger the doctrine of adverse domination prevents the doctrine from "overthrow[ing] the statute of limitations completely in the corporate context." 181 Wn. App. at 165 (quoting Fed. Deposit Ins. Corp. v. Dawson, 4 F.3d 1303, 1312 (5th Cir. 1993)).

In Washington, therefore, the doctrine of adverse domination applies whenever a majority of the directors conceal information that would otherwise disclose their wrongful activities from the corporation and its constituents. There being no evidence that Tomanka was aware of Paton's alleged self-dealing or took any steps to conceal information regarding the misconduct, any claim against her began to accrue no later than the end of 2007 when she severed her connection with BCPF. The limitations period therefore ran by the end of 2010, long before the bankruptcy petition was filed in July 2013, making 11 U.S.C. § 108(a)(2) irrelevant.

ORDER GRANTING DEFENDANT TOMANKA'S
MOTION FOR SUMMARY JUDGMENT - 4

For all of the foregoing reasons, defendant Tomanka's motion for summary judgment (Dkt. # 26) is GRANTED. Plaintiff's claims against her are hereby DISMISSED.

Dated this 23rd day of March, 2016.

*Robert S. Lasnik* (signature)

Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANT TOMANKA'S
MOTION FOR SUMMARY JUDGMENT - 5