1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
NANCY L. JAMES, Chapter 7 Trustee )
                       Plaintiff, )
      v. )
JAMES C. PATON, *et al.*, )
               Defendants, )
      v. )
CLARK NUBER, P.S., )
          Third Party Defendant. )
_____ )

Civil Case No. C15-1914RSL

ORDER DISMISSING CLAIMS
AGAINST BOTTENBERG, VINCENT,
AND WOOD

     This matter comes before the Court on "Defendant Bottenberg's Motion to Dismiss" (Dkt. # 29), "Defendant Vincent's Motion to Dismiss" (Dkt. # 31), and "Defendant Wood's Motion to Dismiss" (Dkt. # 34). Plaintiff, the Chapter 7 Trustee for the Breast Cancer Prevention Fund ("BCPF"), alleges that defendants Bottenberg, Vincent, and Wood were directors of BCPF between 2005 and 2012[1] and that they violated various duties owed to BCPF. The Trustee asserts negligence, breach of fiduciary duty, and breach of charitable trust claims against

_____

[1] Plaintiff amended her complaint on March 1, 2016, after these motions were fully briefed. The date on which Vincent began serving as a director of BCPF was amended (Dkt. # 66 at ¶ 2.8), but the other relevant allegations are unchanged.

ORDER DISMISSING CLAIMS AGAINST
BOTTENBERG, VINCENT, AND WOOD - 1

defendants and their husbands based on the directors' failure to investigate, discover, and prevent the alleged self-dealing of another BCPF director. Bottenberg, Vincent, Wood, and their husbands seek dismissal of all claims against them, arguing that the allegations are barred by the statute of limitations and/or are insufficient to state a claim upon which relief can be granted.

The question for the Court on a motion to dismiss is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

> A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Plausibility requires pleading facts, as opposed to conclusory allegations or the formulaic recitation of elements of a cause of action, and must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief. Factual allegations must be enough to raise a right to relief above the speculative level. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Nor is it enough that the complaint is factually neutral; rather, it must be factually suggestive.

Somers v. Apple, Inc., 729 F.3d 953, 959-60 (9th Cir. 2013) (internal quotation marks and citations omitted). All well-pleaded factual allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. In re Fitness Holdings Int'l, Inc., 714 F.3d 1141, 1144-45 (9th Cir. 2013). If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010).

Having reviewed the Second Amended Complaint and the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

**A. STATUTES OF LIMITATION**

The parties agree that the claims asserted in this litigation are governed by a three year statute of limitations. Defendants Vincent and Wood argue that, because they had no

ORDER DISMISSING CLAIMS AGAINST
BOTTENBERG, VINCENT, AND WOOD - 2

involvement with BCPF after 2011 for Wood and January 2012 for Vincent,[2] any claim arising from their activities as directors had to be filed by the end of January 2015 at the latest. This action was not filed until June 30, 2015.

Pursuant to 11 U.S.C. § 108(a), the filing of a bankruptcy petition extends the applicable statute of limitations for a period of two years, provided that the limitations period had not already expired. BCPF filed for bankruptcy on July 2, 2013. At the time, the three years limitations period had not yet run and was therefore extended to July 2, 2015.[3] The original complaint was timely filed.

**B. STATE AND FEDERAL VOLUNTEER PROTECTION ACTS**

Vincent and Wood rely on 42 U.S.C. § 14503(a) and RCW 4.24.670(1) to argue that they cannot be held personally liable for harm caused while acting within the scope of their responsibilities as volunteer board members because the Trustee has not alleged facts raising a plausible inference of "willful or criminal misconduct, gross negligence, reckless misconduct, or a conscious, flagrant indifference to the rights or safety of the individual harmed by the volunteer." The Volunteer Protection Acts are inapplicable, however: they do not "affect any civil action brought by any nonprofit organization . . . against any volunteer of the organization . . . ." 42 U.S.C. § 14503(b) and RCW 4.24.670(2). Vincent and Wood do not acknowledge this provision in their motions and abandon the argument in reply.

---

[2] The Trustee is apparently willing to concede that Vincent's association with BCPF ended in January 2012. Her declaration on this point has, therefore, been considered by the Court in ruling on her motion to dismiss.

[3] In reply, Vincent and Wood argue that BCPF knew or should have known of its claims against the non-Paton defendants before January 2012, noting two events that occurred in November and December 2011. Even if a KOMO News report and/or Paton's resignation triggered the statutes of limitation, the three years had not yet run when BCPF filed for bankruptcy protection in July 2013. Even with an earlier accrual date, the limitations period was extended by an additional two years by operation of 11 U.S.C. § 108(a) and this action was timely.

ORDER DISMISSING CLAIMS AGAINST
BOTTENBERG, VINCENT, AND WOOD - 3

**C. BUSINESS JUDGMENT RULE**

The Trustee alleges that BCPF's founder and president, James Paton, personally and improperly benefitted from the charitable organization by causing BCPF to contract with Legacy Telemarketing, a company controlled by Paton. The Trustee seeks to hold Bottenberg, Vincent, and Wood liable for damages caused by Paton's alleged malfeasance on the ground that they breached their oversight duties.

In Washington, corporate officers and directors are immunized from liabilities arising from corporate transactions as long as the decision to engage in the transaction was an appropriate exercise of business judgment, meaning that it was within the power of the corporation/management and that there is a reasonable basis to indicate that the transaction was made in good faith. Scott v. Trans-Sys., Inc., 148 Wn.2d 701, 709 (2003). Officers and directors are also expected to exercise proper care, skill, and diligence in managing the affairs of the corporation. Shinn v. Thrust IV, Inc., 56 Wn. App. 827, 835 (1990). See also W. Fletcher, 3A Cyclopedia of the Law of Corporations § 1040 ("To gain the protection of the business judgment rule, a director must have been disinterested, independent, and informed."). In short, courts will not interfere with the business judgment of the directors unless there is evidence of "fraud, dishonesty, or incompetence." In re Spokane Concrete Prods., Inc., 126 Wn.2d 269, 279 (1995); Nursing Home Bldg. Corp. v. DeHart, 13 Wn. App. 489, 498 (1975).

For purposes of this litigation, then, the question is whether plaintiff has pled facts which give rise to a plausible inference that the directors acted outside their authority, failed to exercise reasonable care, and/or acted in bad faith without an honest belief that the action was in the best interests of the corporation. Potter v. Hughes, 546 F.3d 1051, 1059 n.3 (9th Cir. 2008). There does not seem to be any dispute regarding BCPF's authority to contract with Legacy Telemarketing or the board's power to support such a decision. Plaintiff alleges, however, that the non-Paton defendants "failed to discharge their duties in good faith, with the care an

ORDER DISMISSING CLAIMS AGAINST
BOTTENBERG, VINCENT, AND WOOD - 4

ordinarily prudent person in a like position would exercise in similar circumstances, and in a manner the Directors reasonably believe to be in the best interests of BCPF." Dkt. # 66 at ¶¶ 7.3 and 10.3. The Trustee also alleges that the directors failed in carrying out one or more of the duties that would arise if BCPF were considered a charitable trust, such as the duties to keep clear and accurate records and/or to use reasonable care and skill to preserve trust property. Dkt. # 66 at ¶¶ 13.3-13.4. These particular allegations are wholly conclusory, mirror the elements of the causes of action asserted, and are not supported by any well-pled facts.

The Trustee makes two primarily factual assertions, namely that defendants failed "to investigate the amount by which Paton personally benefited [sic] from the relationship between Legacy Telemarketing and BCPF" and allowed "Legacy Telemarketing to remain as BCPF's exclusive professional fundraiser notwithstanding inconsistent disclosures made by BCPF and Legacy Telemarketing in publicly available reports" and "misrepresentations made by Legacy Telemarketing during telephone solicitations and warnings by the state about the same." Dkt. # 66 at ¶¶ 7.4-7.6, 10.4-10.6. There are no factual allegations giving rise to a plausible inference that Bottenberg, Vincent, and/or Wood had a duty to conduct investigations or that they knew or should have known of the vaguely-described inconsistent disclosures, misrepresentations, or warnings. Washington law does not impose upon a director the duty to personally ascertain facts or independently verify the accuracy of information provided to the board.

> In discharging the duties of a director, a director is entitled to rely on information, opinions, reports, or statements, including financial statements and other financial data, if prepared or presented by:
>
> (a) One or more officers or employees of the corporation whom the director reasonably believes to be reliable and competent in the matters presented;
>
> (b) Legal counsel, public accountants, or other persons as to matters the director reasonably believes are within the person's professional or expert competence; or

ORDER DISMISSING CLAIMS AGAINST
BOTTENBERG, VINCENT, AND WOOD - 5

(c) A committee of the board of directors of which the director is not a member if the director reasonably believes the committee merits confidence.

RCW 23B.08.300. Taken as a whole, the allegations of the complaint suggest only that defendants were duped into believing that Paton was a reputable businessman who started BCPF for altruistic reasons. Their error, as described in the complaint, was that they relied on Paton and BCPF's accounting firm for information and recommendations. See Dkt. # 66 at ¶ 3.6 (Paton affirmatively misled defendants regarding his relationship with Legacy Telemarketing during the relevant time period); ¶ 3.8 (defendants reviewed documents created by BCPF's accounting firm and relied on the firm's expertise and advice); ¶ 3.9 (defendants were unaware that Paton had directed Legacy to make misrepresentations to donors[4]); ¶¶ 4.42 and 4.44 (wages and shareholder distributions from Legacy to Paton and his wife were not disclosed to defendants); ¶¶ 4.130 and 4.137 (defendants left the board soon after the truth regarding Paton's operations began to emerge). Such errors are not actionable under Washington law absent some indication that defendants did not reasonably believe Paton and the accounting firm to be reliable and competent. The pleading as a whole contradicts any plausible inference of bad faith, disloyalty, intentional wrongdoing, or the type of negligence that is actionable under RCW 23B.08.300. Thus, the business judgment rule immunizes Bottenberg, Vincent, and Wood from liabilities arising from the decision to have Legacy Telemarketing provide fundraising services for BCPF.

---

[4] Although the Trustee alleges in her Fourth and Seventh Causes of Action that defendants allowed Legacy to fundraise for BCPF "notwithstanding the misrepresentations made by Legacy Telemarketing during telephone solicitations and warnings by the state about the same" (Dkt. # 66 at ¶¶ 7.6 and 10.6), she also alleges that defendants were unaware of any misrepresentations to donors (Dkt. # 66 at ¶ 3.9). In addition, there is no indication that defendants were aware of any "warnings by the state" or "inconsistent disclosures."

ORDER DISMISSING CLAIMS AGAINST
BOTTENBERG, VINCENT, AND WOOD - 6

**D. EXCULPATORY PROVISIONS OF BCPF'S BYLAWS**

At least one version of BCPF's bylaws provides that its "directors shall not be personally liable for the debts, liabilities, or other obligations of the corporation" and that "[t]he directors and officers of the corporation shall be indemnified to the fullest extent permissible under the laws of this state."[5] With regards to the first provision, the Trustee is not seeking to hold defendants liable for a corporate debt or obligation. Rather, the Trustee alleges that defendants are liable to the corporation for their own breach of duties owed to the corporation. The fact that any recovery obtained may ultimately be used to pay BCPF's creditors does not convert the claim into a debt, liability, or obligation of the corporation. As for the indemnification provision, it does not, on its face, immunize the directors from suit. If defendants were to be held liable in this case, they might have a claim for indemnification against the debtor. A claim for indemnification is not, however, an immunity from suit in the first instance.

To the extent defendants rely on RCW 23B.08.320, they have not shown that BCPF's articles of incorporation contain the specified exculpatory language. Assuming for purposes of this motion that the exculpatory provision may be set forth in a corporation's bylaws as well as the articles of incorporation, the language of BCPF's bylaws do not mirror RCW 23B.08.320 or otherwise purport to eliminate the directors' personal liability to the corporation itself. The provisions on which defendants rely simply state that the directors do not take upon themselves the debts, liabilities, or obligations of the corporation and that the corporation will indemnify them if any such claim is successful. There is no indication that BCPF waived any and all claims it may have against its directors, either in its certificate of incorporation or its bylaws.

---

[5] Plaintiff does not oppose consideration of these provisions in the context of these motions to dismiss.

ORDER DISMISSING CLAIMS AGAINST
BOTTENBERG, VINCENT, AND WOOD - 7

1    **E. JOHN DOE DEFENDANTS**

2        Plaintiff alleges that all actions taken by the directors were done for the benefit of the

3    marital communities they share with their husbands. Dkt. # 66 at ¶¶ 2.7 and 2.8.[6] A judgment

4    holder is generally able to execute on jointly held assets if the tortious act of one spouse

5    "occurred (1) in the course of managing community property, or (2) for the benefit of the marital

6    community." Keene v. Edie, 131 Wn.2d 822, 829 (1997). Thus, the allegation of benefit to the

7    marital community is presumably the basis for an assertion of community liability against the

8    John Doe defendants. John Doe Vincent points out, however, that there are no factual allegations

9    that could support an inference that the marital community received any sort of benefit from his

10   wife's volunteer work for BCPF. Plaintiff has, therefore, failed to state a claim against the John

11   Doe defendants upon which relief can be granted.

12

13       For all of the foregoing reasons, the motions to dismiss the claims against defendants

14   Bottenberg (Dkt. # 29), Vincent (Dkt. # 31), and Wood (Dkt. # 34) are GRANTED. Because this

15   litigation continues against other defendants, leave to amend will not be blindly granted. If

16   plaintiff believes she can, consistent with her Rule 11 obligations, amend the complaint to

17   remedy the pleading and legal deficiencies identified above, she may, within fourteen days of

18   this Order, file and note a motion to amend, attaching a proposed pleading for the Court's

19   consideration.

20

21       Dated this 13th day of April, 2016.

22                                             _MW S Lasnik_____

23                                             Robert S. Lasnik

24                                             United States District Judge

25       [6] Defendant John Doe Bottenberg inexplicably ignores this allegation.

26
ORDER DISMISSING CLAIMS AGAINST
BOTTENBERG, VINCENT, AND WOOD - 8