UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
NANCY L. JAMES, Chapter 7 Trustee )
) Civil Case No. C15-1914RSL
Plaintiff, )
v. )
)
JAMES C. PATON, *et al.*, )
) ORDER GRANTING THE SHEEHAN
Defendants, ) DEFENDANTS' MOTION FOR
v. ) SUMMARY JUDGMENT
)
CLARK NUBER, P.S., )
)
Third Party Defendant. )
_____)

This matter comes before the Court on the "Sheehan Defendants' Motion to Dismiss on Summary Judgment" in the above-captioned matter. Dkt. # 35. Plaintiff, the Chapter 7 Trustee for the Breast Cancer Prevention Fund ("BCPF"), alleges that defendant James Sheehan was a director of BCPF from 2008 to 2012 and that he violated various duties owed to BCPF. The Trustee asserts negligence, breach of fiduciary duty, and breach of charitable trust claims against Sheehan and his wife based on Sheehan's failure to investigate, discover, and prevent the alleged self-dealing of another BCPF director. Defendants seek dismissal of all claims against them, arguing that the allegations are insufficient to state a claim upon which relief can be granted and/or are barred by the statute of limitations.

ORDER GRANTING THE SHEEHAN DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 1

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." Krechman v. County of Riverside, 723 F.3d 1104, 1109 (9th Cir. 2013). Although the Court must reserve for the jury genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. City of Pomona v. SQM N. Am. Corp., 750 F.3d 1036, 1049 (9th Cir. 2014); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor. FreecycleSunnyvale v. Freecycle Network, 626 F.3d 509, 514 (9th Cir. 2010).

Having reviewed the Second Amended Complaint[1] and the memoranda, declarations, and exhibits submitted by the parties and having heard the arguments of counsel, the Court finds as follows:

---

[1] Plaintiff amended her complaint on March 1, 2016, after these motions were fully briefed. The relevant allegations are unchanged.

ORDER GRANTING THE SHEEHAN DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 2

### A. EXCULPATORY PROVISIONS OF BCPF'S BYLAWS

At least one version of BCPF's bylaws provides that its "directors shall not be personally liable for the debts, liabilities, or other obligations of the corporation" and that "[t]he directors and officers of the corporation shall be indemnified to the fullest extent permissible under the laws of this state." To the extent Sheehan is relying on these provisions to immunize him from suit, the Court finds the argument unpersuasive. With regards to the first provision, the Trustee is not seeking to hold defendants liable for a corporate debt or obligation. Rather, the Trustee alleges that defendants are liable to the corporation for their own breach of duties. The fact that any recovery obtained may ultimately be used to pay BCPF's creditors does not convert the claim into a debt, liability, or obligation of the corporation. As for the indemnification provision, it does not, on its face, immunize the directors from suit. If defendants were to be held liable in this case, they might have a claim for indemnification against the debtor. A claim for indemnification is not, however, an immunity from suit in the first instance.

To the extent Sheehan challenges the adequacy of the pleadings in the context of the "laws of this state," namely the business judgment rule, the argument is discussed below.

### B. BUSINESS JUDGMENT RULE

The Trustee alleges that BCPF's founder and president, James Paton, personally and improperly benefitted from the charitable organization by causing BCPF to contract with Legacy Telemarketing, a fundraising company controlled by Paton. The Trustee seeks to hold Sheehan liable for damages caused by Paton's alleged malfeasance on the ground that Sheehan failed to oversee the request for proposal process that resulted in the selection of Legacy as BCPF's telemarketer. In Washington, corporate officers and directors are immunized from liabilities arising from corporate transactions as long as the decision to engage in the transaction was an appropriate exercise of business judgment. For the reasons stated in the Order Dismissing Claims Against Bottenberg, Vincent, and Wood, plaintiff failed to plead facts giving rise to a

ORDER GRANTING THE SHEEHAN DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 3

plausible inference that the directors acted outside their authority, failed to exercise reasonable care, and/or acted in bad faith without an honest belief that the action was in the best interests of the corporation. Potter v. Hughes, 546 F.3d 1051, 1059 n.3 (9th Cir. 2008). In the context of this motion for summary judgment, the Trustee argues that Sheehan knew of Paton's relationship with Legacy Telemarketing, that he allowed himself to be hoodwinked by Paton, and that Sheehan should have distrusted Paton more and excluded him from the request for proposal process. Sheehan, on the other hand, has submitted evidence that Paton's relationship with Legacy was not a secret, that he relied on his fellow board member and an outside accounting firm for financial information, and that he had no reason to doubt them. Dkt. # 36 at 2-3. The record also shows that Sheehan had known Paton for 35-40 years and had never been given any reason to mistrust his judgment, honesty, or motives. Dkt. # 61 at 13.

The Trustee has not come forward with evidence that raises a genuine issue of fact regarding the applicability of the business judgment rule. There is no evidence from which one could reasonably infer subjective bad faith, disloyalty, or intentional wrongdoing on Sheehan's part. The Trustee relies solely on the argument that Sheehan should have been more distrustful, should have suspected Paton of self-dealing, and should have rejected his expertise and recommendations on all fundraising matters. Under Washington law, however, a director is entitled to rely on facts and information provided to the board as long as the director reasonably believes the source is reliable and competent. RCW 23B.08.300. There is no evidence that Sheehan subjectively distrusted Paton or that he did not reasonably believe that Paton was a reputable businessman who started BCPF for altruistic reasons and was using his expertise and connections for the benefit of the organization. The accounting firm BCPF hired to conduct audits and verify BCPF's financials did not raise any concerns. Even if the Court assumes that Sheehan was wrong to trust Paton, an error in judgment does not strip him of the protections of the business judgment rule.

ORDER GRANTING THE SHEEHAN DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 4

### C. STATUTES OF LIMITATIONS

The parties agree that the claims asserted in this litigation are governed by a three year statute of limitations. Sheehan argues that any claim based on actions that occurred before July 2, 2010, was barred by the time BCPF filed its bankruptcy petition on July 2, 2013, and cannot now be pursued. The Trustee argues that the discovery rule and the analogous doctrine of adverse domination toll the limitations period in this case. For the reasons set forth in the "Order Granting Defendant Tomanka's Motion for Summary Judgment," in the absence of any evidence that Sheehan was aware of Paton's alleged self-dealing or took any steps to conceal information regarding the misconduct, BCPF's claims against Sheehan accrued at the time of his alleged malfeasance. Thus, any claim arising from actions prior to July 2, 2010, are time-barred.

For all of the foregoing reasons, Sheehan's motion for summary judgment (Dkt. # 35) is GRANTED. Plaintiff's claims are barred by the business judgment rule and are hereby DISMISSED as to the Sheehan defendants.

Dated this 19th day of April, 2016.

*/s/ Robert S. Lasnik*

Robert S. Lasnik
United States District Judge