The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NANCY L. JAMES, Chapter 7 Trustee,<br><br>　　　　Plaintiff.<br><br>　　v.<br><br>JAMES C. PATON, ET AL.,<br><br>　　　　Defendants,<br><br>　　v.<br><br>CLARK NUBER, P.S.<br><br>　　　　Third Party Defendant. | NO. C15-1914 RSL<br><br>PLAINTIFF TRUSTEE'S MOTION FOR SUMMARY JUDGMENT ON SHEEHAN'S MALICIOUS PROSECUTION COUNTERCLAIM<br><br>NOTED: Friday, July 8, 2016 |

## I. INTRODUCTION

Plaintiff Nancy L. James, in her capacity as Chapter 7 Trustee for the bankruptcy estate of Breast Cancer Prevention Fund ("Trustee"), moves for summary judgment on the malicious prosecution counterclaim brought by Defendants James Sheehan and Jane Doe Sheehan ("Sheehan"). Because Sheehan cannot establish the elements of a malicious prosecution claim, summary judgment is appropriate.

## II. FACTS

Sheehan was a long-time friend of James Paton, dating back to their time in high school.[1] Sheehan was a director of Breast Cancer Prevention Fund ("BCPF") from 2008

---

[1] Declaration of Manish Borde in Support of Motion for Summary Judgment on Sheehan's Malicious Prosecution Counterclaim, Ex. A (Deposition of James Sheehan at 13:5-14:19).

PLAINTIFF TRUSTEE'S MOTION FOR SUMMARY JUDGMENT ON SHEEHAN'S MALICIOUS PROSECUTION COUNTERCLAIM - 1
(C15-1914 RSL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

5762944.1

1  through 2011.  Sheehan's Answer to Second Amended Complaint, Dkt. No. 88, ¶ 2.10.  During
2  that time-frame, Paton was left in a position to pay himself millions of dollars from the
3  operation of the charity through Legacy Telemarketing Corporation.[2]

4        The Trustee alleged in her Second Amended Complaint that Sheehan and other
5  directors of BCPF were liable to BCPF for negligence, breach of fiduciary duty, and breach of
6  charitable trust.  Second Amended Complaint, Dkt. No. 66.  In response, Sheehan (and only
7  Sheehan) asserted a counterclaim for malicious prosecution under RCW 4.24.350.  The Trustee
8  now moves for summary judgment on that counterclaim.

9                        III. AUTHORITY

10 A.     Summary judgment standard.

11       Summary judgment is appropriate if the evidence demonstrates "that there is no
12 genuine dispute as to any material fact and the movant is entitled to judgment as a matter of
13 law."  Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548
14 (1986); *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).  Here, the material facts
15 are undisputed and the Trustee is entitled to judgment as a matter of law.

16 B.     Sheehan cannot establish the elements of a malicious prosecution claim.

17       "Actions for malicious prosecution are not favored in the law…."  *Clark v. Baines*, 114
18 Wn. App. 19, 25, 55 P.3d 1180 (2004).  In a civil case, a claim for malicious prosecution
19 requires proof of the following elements:

20-24
> (1) that the prosecution claimed to have been malicious was instituted or continued by the defendant; (2) that there was want of probable cause for the institution or continuation of the prosecution; (3) that the proceedings were instituted or continued through malice; (4) that the proceedings terminated on the merits in favor of the plaintiff, or were abandoned; (5) that the plaintiff suffered injury or damage as a result of the prosecution; (6) arrest or seizure of property; and (7) special injury (meaning injury which would not necessarily result from similar causes of action).

---

[2] Dkt. No. 114 (Declaration of George L. Johnson in Support of Plaintiff Trustee's Motion for Partial Summary Judgment Against Defendant James C. Paton) at 21-22 of 31 (Schedules 1 and 2 to expert report of Brueggeman and Johnson Yeanoplos, P.C.).

PLAINTIFF TRUSTEE'S MOTION FOR SUMMARY JUDGMENT ON SHEEHAN'S MALICIOUS PROSECUTION COUNTERCLAIM - 2
(C15-1914 RSL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

5762944.1

1     *Id.*; *citing Gem Trading Co. v. Cudahy Corp.*, 92 Wn.2d 956, 963, 603 P.2d 828 (1979); *accord Fenner v. Lindsay*, 28 Wn. App. 626, 629-631, 625 P.2d 180 (1981) ("[U]nless there is interference with the person or property by a provisional remedy such as arrest, injunction or attachment as an incident to the maintenance of an action, a suit for malicious prosecution will not lie…."); *see also Hanson v. Estell*, 100 Wn. App. 281, 286-287 (2000) ("Washington courts strictly limit the right to bring suit for malicious prosecution, reasoning that such suits intimidate prospective litigants and that the public policy favors open courts in which a plaintiff may fearlessly present his case.") (internal quotations and citations omitted).

    Here, Sheehan cannot establish a number of elements of his malicious prosecution claim. First, the Trustee had probable cause to believe Sheehan contributed to BCPF's damages. The mere fact that the Trustee did not prevail on her claims does not mean the Trustee's claims were frivolous. *See Hanson*, 100 Wn. App. at 287 ("The fact that the Hansons' claims were not successful is not determinative of the legitimacy of their arguments, however.") Sheehan also cannot show that the Trustee acted with malice. A Chapter 7 trustee has a duty to bring suit to recover property belonging to the bankrupt. *In re Jack/Wade Drilling, Inc.*, 258 F.3d 385, 391 (5th Cir. 2001) ("In a chapter 7 bankruptcy, the trustee is expected to identify and liquidate all existing claims on which the trustee has a good faith belief the estate is entitled to recover.") The Trustee was acting in accordance with her obligations to the bankruptcy estate in bringing claims against Sheehan. Finally, Sheehan has not alleged, yet alone established, any attachment or interference with his property. The Trustee also did not seek or obtain any provisional remedies against Sheehan in this matter. Since at a minimum it is undisputed that there was no seizure or arrest of Sheehan's property, his counterclaim for malicious prosecution should be dismissed.

PLAINTIFF TRUSTEE'S MOTION FOR SUMMARY JUDGMENT ON SHEEHAN'S MALICIOUS PROSECUTION COUNTERCLAIM - 3
(C15-1914 RSL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

5762944.1

## IV. CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that this Court enter an order dismissing Sheehan's counterclaim for malicious prosecution. A proposed order is filed with this motion.

DATED this 16th day of June, 2016.

s/Manish Borde
s/Scott B. Henrie
Manish Borde, WSBA #39503
Scott B. Henrie, WSBA #12673
Attorneys for Plaintiff Nancy L. James, Chapter 7 Trustee
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: (206) 628-6600  Fax: (206) 628-6611
Email:  shenrie@williamskastner.com
         mborde@williamskastner.com

PLAINTIFF TRUSTEE'S MOTION FOR SUMMARY JUDGMENT ON SHEEHAN'S MALICIOUS PROSECUTION COUNTERCLAIM - 4
(C15-1914 RSL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

5762944.1

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2016, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following:

Bankruptcy Withdrawal of Ref (SEA)
ECFHelp_Seattle@wawb.uscourts.gov

Andrew Morgan Weinberg
AMW@pattersonbuchanan.com, jcb@pattersonbuchanan.com

Aric S Bomsztyk
asb@bmatlaw.com, pjc@bmatlaw.com

Jane Pearson
pearj@foster.com, cachl@foster.com, litdocket@foster.com

Jason R. Donovan
donoj@foster.com, litdocket@foster.com, samud@foster.com

Jeffrey L Smoot
smoot@oles.com, jolley@oles.com, trimbour@oles.com

Lori K O'Tool
lotool@pregodonnell.com, jsouthworth@pregodonnell.com

Manish Borde
mborde@williamskastner.com, mphilomeno@williamskastner.com

Mary C. Eklund
meklund@pregodonnell.com

Melia Preedy
preedym@gmail.com, preedy@oles.com

Michael Alexander Patterson
map@pattersonbuchanan.com, as@pattersonbuchanan.com, pmr@pattersonbuchanan.com, smm@pattersonbuchanan.com

Richard John Wotipka
rjw@bwseattlelaw.com

Scott B Henrie
shenrie@williamskastner.com, mphilomeno@williamskastner.com

William E. Fitzharris , Jr
wfitzharris@pregodonnell.com, jsouthworth@pregodonnell.com

PLAINTIFF TRUSTEE'S MOTION FOR SUMMARY JUDGMENT ON SHEEHAN'S MALICIOUS PROSECUTION COUNTERCLAIM - 5
(C15-1914 RSL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

5762944.1

DATED this 16th day of June, 2016.

/s/Manish Borde
/s/Scott B. Henrie
Manish Borde, WSBA #39503
Scott B. Henrie, WSBA #12673
Attorneys for Plaintiff Nancy L. James, Chapter 7 Trustee
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: (206) 628-6600
Fax: (206) 628-6611
shenrie@williamskastner.com
mborde@williamskastner.com

PLAINTIFF TRUSTEE'S MOTION FOR SUMMARY JUDGMENT ON SHEEHAN'S MALICIOUS PROSECUTION COUNTERCLAIM - 6
(C15-1914 RSL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

5762944.1