The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NANCY L. JAMES, Chapter 7 Trustee,<br><br>　　　　　　Plaintiff.<br><br>　　v.<br><br>JAMES C. PATON, ET AL.,<br><br>　　　　　　Defendants. | Civil Case No. C15-1914-RSL<br><br>PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO COMPEL DISCOVERY FROM DEFENDANTS CLARK NUBER AND THE PATON DEFENDANTS<br><br>NOTED ON CALENDAR: August 5, 2016 |

## I. INTRODUCTION

Nancy L. James, in her capacity as Chapter 7 Trustee for the Bankruptcy Estate of Breast Cancer Prevention Fund (the "Trustee"), respectfully requests an Order: (1) over-ruling the objections asserted by the Paton Defendants, and (2) requiring the Paton Defendants to respond to the Discovery Requests attached as Exhibit A to the supporting declaration of Scott Henrie (Dkt. #187) (except Interrogatories 1 and 6 and Request for Production No. 12).

In light of Clark Nuber's Opposition, the Trustee also respectfully requests an Order Compelling Discovery: (1) requiring Clark Nuber to produce the subset of its audit files that Clark Nuber has itself identified as "the essential and relevant work papers" for use in deposition so that the auditor to be deposed, Joyce Lee, may utilize the audit work paper records necessary for her to answer questions during her anticipated deposition; (2) requiring Joyce Lee to appear for deposition beyond the July 26th discovery cut-off and (3) requiring the

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO
MOTION TO COMPEL DISCOVERY FROM DEFENDANTS
CLARK NUBER AND THE PATON DEFENDANTS - 1
(C15-1914-RSL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

5830104.1

1 auditor Victoria Kitts to answer the questions she could not answer in the deposition excerpts
2 identified as Exhibit H to the supporting declaration of Scott B. Henrie (Dkt. #187).

## II. FACTUAL BACKGROUND

**A.** Clark Nuber

The Court's Order of April 6th, 2016[1] compels Clark Nuber to "immediately make the native format files available to all parties, at no cost." Clark Nuber, claims in its opposition that the files were available during discovery depositions of their witnesses "until at least June 30, 2016."[2] This is news to Plaintiff's counsel since the email offering the materials dated April 6th, 2016 states that the materials would only be available for one week. To say now in response to a motion to compel that at all times during depositions these materials were available is a bit of mischaracterization since Plaintiff was not aware of this availability. Nor were these materials ever offered to solve the problems witnesses purported to be having in answering the questions. Clark Nuber also falsely claims that Plaintiff provided none of the transcripts of their witnesses to the Court when 23 pages of Ms. Kitts testimony, in which she professes to be unable to answer without reviewing the complete audit file, are attached as Exhibit H to the declaration in support of the Motion to Compel.[3] Moreover, Ms. Kitts testified that she had reviewed the audit files digitally stating "it's within our audit software. . ...."[4] Ms. Kitts later explained: "I don't know what was provided to you. I never saw the form of that. We work within auditing software, which does not have a - - it doesn't work in the way that I believe you are looking at this."[5] Ms. Kitts also could not tell whether "paper" records were authentic: She testified for example: "I can't be confident in that. They appear to be, they seem familiar, but without having the audit software."[6]

---

[1] Dkt. #80.
[2] Dkt #226 p. 3:15
[3] Ex. H to Henrie Declaration, DKT #187 p. 61-83.
[4] Dkt # 187 p:71 :1-7.
[5] Dkt # 187 p. 78:18-21.
[6] Id. at p. 78: 22- 79 :3.

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO COMPEL DISCOVERY FROM DEFENDANTS CLARK NUBER AND THE PATON DEFENDANTS - 2
(C15-1914-RSL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

5830104.1

1   　　　　There are too many mischaracterizations of the facts concerning Clark Nuber's
2   discovery conduct in Clark Nuber's opposition materials to fully address in this reply. But it
3   should be said that Plaintiff did not oppose the production of the records in their native format
4   in April of this year. What Plaintiff opposed was Clark Nuber's belated effort to extend the
5   deadline for expert witness reports when Plaintiff's own experts had already been forced to
6   wade through Clark Nuber's document dump of materials in order to timely prepare their own
7   reports. A task that Clark Nuber's experts stated under oath was an "impossible[7] task" given
8   the voluminous nature of the materials. But what was then "impossible" has now been
9   downgraded by Clark Nuber in response to Plaintiff's motion to compel to: "some of the PDF
10  copies were difficult to follow, especially the PDF copies of Excel spreadsheets in the
11  document production."[8]

12  　　　　Clark Nuber now argues that what its own experts once said in order to gain a deadline
13  extension is irrelevant since the entire audit file is not necessary for the witnesses to answer
14  deposition questions. Rather Clark Nuber identifies a subset of the audit file which Clark
15  Nuber claims is all that is needed for their witnesses to testify. Clark Nuber identifies this
16  subset vaguely as:

> [T]hey just needed paper copies of the essential and relevant work papers for reference when trying to answer some deposition questions they were asked but they were quite consistently not provided those paper copies in their depositions.[9]

Moreover, the actual volume of this subset is in Clark Nuber's own words: "not that great."[10]
The only remaining problem is that while Clark Nuber is apparently aware of what are the
essential and relevant work papers, Plaintiff's counsel has no means of identifying this

---

[7] Docket 70 p. 2:17-19. "Clark Nuber and its experts have found the volume of data, particularly printed documents, to be so great <u>as to make it impossible to prepare</u> themselves to present their expert opinions to the court." "Emphasis added"

[8] Dkt. #226 p. 2:21-22.
[9] Dkt #226 p. 6 :10-13
[10] Dkt. #226 p. 6 :13-15

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO
MOTION TO COMPEL DISCOVERY FROM DEFENDANTS
CLARK NUBER AND THE PATON DEFENDANTS - 3
(C15-1914-RSL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

5830104.1

important subset of materials and separating those materials from the materials that are otherwise voluminous and impossible to work with.

Suffice it to say, that Plaintiff is unaware of where this important subset begins and ends.  A simple solution to the discovery dilemma is that Clark Nuber be ordered to produce each of the subsets for each of the three audits which are necessary for Ms. Lees to answer questions in deposition.  Often even if a specific work paper is identified, the authenticity or source of the paper document is questionable and the information requested is unascertainable.  Having Clark Nuber identify and produce the "essential and necessary work papers subset" would also help to eliminate uncertainty by the witness as to the authenticity of the records. ("I can't answer that based on excerpts from a memo that appear to come from the 2010 audit work papers.  Our audit work papers are not designed to work alone.")[11].   The Trustee requests that the Court order Clark Nuber to identify and provide these materials as quickly as possible and well before the deposition of Ms. Lee, so that counsel may review them and prepare for the deposition of Joyce Lee.  Clark Nuber does not oppose producing this witness.

Since they have already selected and shown at least one of these subsets of each audit to Ms. Kitts it should not be much of a burden to provide such information to all counsel so that discovery may properly and efficiently be obtained during deposition.   Ms. Lee is now apparently available for her deposition.

Clark Nuber also questions the scope of the motion.  Plaintiff may have been remiss to not also specifically request that the Court also require Ms. Kitts to answer those questions she was unable to answer during her deposition once the workable subset of "relevant work paper records" are made available for depositions.  Ms. Kitts deposition should also be allowed specifically on those questions she could not answer that are reflected in Exhibit H to the supporting declaration of Scott B. Henrie.

---

[11] Excerpts from Deposition of Victoria Kitts attached as Exhibit H to Supporting Declaration of Scott B. Henrie. at p. 178:13-21 and p. 196:12-15.

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO COMPEL DISCOVERY FROM DEFENDANTS CLARK NUBER AND THE PATON DEFENDANTS - 4 (C15-1914-RSL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

5830104.1

**B.** <u>The Paton Defendants</u>

As to the Paton defendants ("Paton"), the Complaint includes a fraudulent transfer claim under RCW 19.40 et seq. Thus the timing, extent and details of transfers to the Shirehaven Trust are directly in issue as would be other similar efforts to transfer assets in order to place those assets beyond the reach of creditors.

Paton's response in opposition to these discovery requests is that discovery directed toward this claim is a fishing expedition effort and improper discovery of Paton's ability to satisfy a potential judgment. Paton's objections should be overruled. The issues raised by the fraudulent transfer claims and the discovery sought are completely within the scope of the claims alleged in the Complaint. Paton should be compelled to produce the requested information. If such responses lead to the discovery that Paton has already transferred all his assets and has no remaining ability to satisfy a judgment against him, those claims will be validly asserted. Paton's objections that discovery may reveal such facts is not a reason to precluded such discovery.

In addition, the extent of Mr. Paton's involvement at and control of Legacy is a material issue in this case and is related to the veracity of numerous representations by Paton to the BCPF Board and its accountants regarding his role at Legacy. Contrary to what Paton claims, the trustee does claim he misrepresented his ownership of Legacy and that he was partially retired. Thus the circumstances surrounding his claimed retirement and the timing and formation of trusts and other devices he has utilized are material to the case. That those materials may also be relevant to Mr. Paton's credibility does not relieve Paton of the obligation to provide responses.

Despite the existence of the fraudulent transfer cause of action and relevance to the representations Paton made to the BCPF Board, the Paton Defendants continue to refuse to answer discovery requests directed toward these issues. The Trustee requests the Court to

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO COMPEL DISCOVERY FROM DEFENDANTS CLARK NUBER AND THE PATON DEFENDANTS - 5 (C15-1914-RSL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

5830104.1

1  overrule the objections finding that these inquiries are not improper supplemental proceedings

2  and enter an order compelling the Paton defendants to provide full and complete responses.

3  DATED this 3rd day of August, 2016.

```
                              s/ Scott B. Henrie
                              s/ Manish Borde
                              Scott B. Henrie, WSBA #12673
                              Manish Borde, WSBA #39503
                              Attorneys for Plaintiff Nancy L. James, Chapter 7
                              Trustee
                              WILLIAMS, KASTNER & GIBBS PLLC
                              601 Union Street, Suite 4100
                              Seattle, WA 98101-2380
                              Telephone: (206) 628-6600
                              Fax: (206) 628-6611
                              Email:  shenrie@williamskastner.com
                                      mborde@williamskastner.com
```

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO COMPEL DISCOVERY FROM DEFENDANTS CLARK NUBER AND THE PATON DEFENDANTS - 6 (C15-1914-RSL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

5830104.1

# **CERTIFICATE OF SERVICE**

I hereby certify that on August 3, 2016, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following:

Bankruptcy Withdrawal of Ref (SEA)
ECFHelp_Seattle@wawb.uscourts.gov

Andrew Morgan Weinberg
AMW@pattersonbuchanan.com, jcb@pattersonbuchanan.com

Aric S Bomsztyk
asb@bmatlaw.com, pjc@bmatlaw.com

Jane Pearson
pearj@foster.com, cachl@foster.com, litdocket@foster.com

Jason R. Donovan
donoj@foster.com, litdocket@foster.com, samud@foster.com

Jeffrey L Smoot
smoot@oles.com, jolley@oles.com, trimbour@oles.com

Lori K O'Tool
lotool@pregodonnell.com, jsouthworth@pregodonnell.com

Manish Borde
mborde@williamskastner.com, mphilomeno@williamskastner.com

Mary C. Eklund
meklund@pregodonnell.com

Melia Preedy
preedym@gmail.com, preedy@oles.com

Michael Alexander Patterson
map@pattersonbuchanan.com, as@pattersonbuchanan.com, pmr@pattersonbuchanan.com, smm@pattersonbuchanan.com

Richard John Wotipka
rjw@bwseattlelaw.com

Scott B Henrie
shenrie@williamskastner.com, mphilomeno@williamskastner.com

William E. Fitzharris , Jr
wfitzharris@pregodonnell.com, jsouthworth@pregodonnell.com

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO COMPEL DISCOVERY FROM DEFENDANTS CLARK NUBER AND THE PATON DEFENDANTS - 7
(C15-1914-RSL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

5830104.1

DATED this 3rd day of August, 2016.

    s/ Scott B. Henrie
    s/ Manish Borde
    Scott B. Henrie, WSBA #12673
    Manish Borde, WSBA #39503
    Attorneys for Plaintiff Nancy L. James, Chapter 7 Trustee
    WILLIAMS, KASTNER & GIBBS PLLC
    601 Union Street, Suite 4100
    Seattle, WA 98101-2380
    Telephone: (206) 628-6600
    Fax: (206) 628-6611
    shenrie@williamskastner.com
    mborde@williamskastner.com

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO COMPEL DISCOVERY FROM DEFENDANTS CLARK NUBER AND THE PATON DEFENDANTS - 8
(C15-1914-RSL)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

5830104.1