UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NANCY L. JAMES, Chapter 7 Trustee<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES C. PATON, *et al.*,<br><br>　　　　　　Defendants. | Civil Case No. C15-1914RSL<br><br>ORDER DENYING CLARK NUBER'S MOTION FOR SUMMARY JUDGMENT REGARDING CONTRIBUTION CLAIM |

This matter comes before the Court on "Clark Nuber's Motion for Summary Judgment of Dismissal with Prejudice of Paton Defendants' Cross Claims." Dkt. # 248. Plaintiff, the trustee to the Breast Cancer Prevention Fund ("BCPF") bankruptcy, alleges that defendant James C. Paton and certain related entities ("the Paton defendants") founded and used the debtor non-profit for their personal gain. The trustee has asserted claims of breach of fiduciary duty, breach of charitable trust, and voidable preferential transfers against the Paton defendants. The trustee also alleges that Clark Nuber, the accounting firm hired by BCPF to complete tax returns and perform audits, was negligent or grossly negligent in the provision of professional services and made critical misrepresentations on which the debtor relied in communicating with the Internal Revenue Service ("IRS"). The Paton defendants have asserted cross claims for indemnity and contribution against Clark Nuber and deny any intentional wrongdoing on their part. The Paton defendants allege that, to the extent Paton's relationship with Legacy Telemarketing put the

ORDER DENYING CLARK NUBER'S
MOTION FOR SUMMARY JUDGMENT - 1

charity's non-profit status in danger or impacted its tax returns, Clark Nuber's "insufficient, negligent, faulty, substandard services, information or advice" (Dkt. # 112 at ¶ 2.7) caused the losses of which the trustee complains. The Paton defendants' cross claim for equitable indemnity was dismissed under Rule 12(b)(6). Dkt. # 314. Clark Nuber now seeks judgment on defendants' cross claim for contribution.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine dispute of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." Krechman v. County of Riverside, 723 F.3d 1104, 1109 (9th Cir. 2013). Although the Court must reserve for the jury genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. City of Pomona v. SQM N. Am. Corp., 750 F.3d 1036, 1049 (9th Cir. 2014); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor. FreecycleSunnyvale v. Freecycle Network, 626 F.3d 509, 514 (9th Cir. 2010).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

The Paton defendants assert a claim for contribution under RCW Ch. 4.22 and the common law. In 1986, the state legislature enacted the Tort Reform Act, abolishing common law indemnity rights between joint tortfeasors and replacing them with a right to contribution. RCW 4.22.040(1) provides that, where two or more persons are jointly and severally liable upon the same indivisible claim or harm, a right of contribution exists between them, with the basis for contribution being the comparative fault of each entity. In this case, if the jury were to find that the trustee's damages were caused by the combined fault of Clark Nuber and the Paton defendants, it will be asked to determine the percentage of fault attributable to each entity. RCW 4.22.070(1).

Clark Nuber points out that "fault" for purposes of Chapter 4.22 "does not include intentional acts or omissions. RCW 4.22.015 defines 'fault' to include 'acts or omissions, including misuse of a product, that are in any measure negligent or reckless . . . or that subject a person to strict tort liability on a product liability claim.' [The Washington Supreme Court] concluded that 'intentional torts are part of a wholly different legal realm and are inapposite to the determination of fault pursuant to RCW 4.22.070(1).'" Tegman v. Accident & Med. Investigations, Inc., 150 Wn.2d 102, 109 (2003) (citation omitted). Clark Nuber then jumps to the conclusion that the Paton defendants are unable to seek an apportionment of fault and/or contribution from Clark Nuber in this case because the trustee has accused the Paton defendants of fraudulent – *i.e.*, intentional – conduct.

Clark Nuber's motion focuses solely on the trustee's allegations against the Paton defendants and boldly asserts that, if the Paton defendants are found liable, the verdict will necessarily be based on fraud and/or intentional wrongdoing. This is simply not the case. The breach of fiduciary duty, breach of charitable trust, and voidable preferential transfers claims asserted against the Paton defendants do not necessarily require intentional conduct. While the jury may determine that the Paton defendants engaged in intentional wrongdoing, it is also

ORDER DENYING CLARK NUBER'S
MOTION FOR SUMMARY JUDGMENT  - 3

possible that a verdict could be based on purely negligent breaches of duty and trust. In fact, the Court's analysis of plaintiff's breach of fiduciary duty claim against Paton did not turn on a finding of bad faith or intentional misconduct.[1] The Paton defendants' cross claims are based on the premise that they have not engaged in any intentional wrongdoing and that, if they did not understand the risks posed by Paton's relationship with Legacy Telemarketing, the error was simple negligence brought on by Clark Nuber's "insufficient, negligent, faulty, substandard services, information or advice." Dkt. # 112 at ¶ 2.7.

For all of the foregoing reasons, Clark Nuber's motion for summary judgment on the Paton defendants' cross claim for contribution (Dkt. # 248) is DENIED. Whether a contribution claim will lie between the Paton defendants and Clark Nuber must be determined when the fact finder identifies the nature of defendants' wrongful conduct.

Dated this 4th day of January, 2017.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

---

[1] Paton was found to have breached his fiduciary duty of loyalty by failing to fully and fairly disclose the true nature of his relationship with Legacy and the extent to which he personally benefitted from the BCPF-Legacy contract. Dkt. # 312 at 9.

ORDER DENYING CLARK NUBER'S
MOTION FOR SUMMARY JUDGMENT - 4