UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NANCY L. JAMES, Chapter 7 Trustee

         Plaintiff,

    v.

JAMES C. PATON, *et al.*,

         Defendants.

Civil Case No. C15-1914RSL

ORDER GRANTING IN PART THE PATON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on the "Paton Defendants' Motion for Summary Judgment." Dkt. # 250. Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor, there is no genuine dispute as to any material fact that would preclude the entry of judgment as a matter of law. Krechman v. County of Riverside, 723 F.3d 1104, 1109 (9th Cir. 2013). Despite acknowledging the governing standards, the Paton defendants interpret the evidence in the manner that is the most advantageous to them, while ignoring or discounting contrary evidence. They also fail to set forth the elements of the claims asserted, making it extremely difficult to evaluate the sufficiency of the evidence as to each element.[1] The Paton

---

[1] The Paton defendants' argument regarding the trustee's fraudulent transfer claim, for example, consists of nothing more than the statement that "[t]he Ninth Cause of Action is derivative of the [First, Second, and Fifth Causes of Action] and should be dismissed as well." Dkt. # 250 at 24. A review of the complaint shows that the fraudulent transfer claim arises under state, rather than bankruptcy, law and

ORDER GRANTING IN PART THE PATON
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 1

defendants have not, therefore, affirmatively demonstrated "that there is no evidence in the record to support a judgment for the nonmoving party" or otherwise "fully discharged this initial burden of production." Celotex Corp. v. Catrett, 477 U.S. 317, 332 (1986). Except as noted below, the motion is DENIED on that ground.

**(1) First and Second Causes of Action - Voidable Transfers**

The trustee has agreed to the dismissal of the voidable transfer claims asserted under 11 U.S.C. § 544, RCW 19.40.041, and 11 U.S.C. § 548(1)(1)(A).

**(2) Third Cause of Action - Breach of Fiduciary Duty**

The Court has already determined that defendant James C. Paton breached his fiduciary duty of loyalty to the debtor, the Breast Cancer Prevention Fund ("BCPF"), by failing to fully and fairly disclose the nature of his relationship with defendant Legacy Telemarketing Corporation and the extent to which he personally benefitted from the BCPF-Legacy contract. Dkt. # 312. Although the amount of damages arising from this breach were reserved for trial, the Court identified certain categories of recoverable damages that are supported by the evidence and are independent of the $20,280,512 claim asserted by the Attorney General ("AG").[2] For

---

involves the transfer of defendant Paton's personal residence to a trust after his charity had declared bankruptcy and potential liabilities emerged. The Court declines to evaluate either the legal or factual sufficiency of this claim in the first instance.

[2] The Paton defendants take issue with the fact that the trustee lists among the damages sought in this litigation an amount that is equivalent to the "contingent, disputed, unliquidated, facially flawed, and unadjudicated" claim asserted by the AG in BCPF's bankruptcy proceeding. Dkt. # 250 at 2. They do not, however, argue that the claim is not ripe, provide legal authority invalidating claims for unliquidated damages, or seek a stay of this case so that the AG's claim can be resolved. The Court declines defendants' invitation to analyze the merits of the AG's claim in this litigation: the trustee may not assert a claim that belongs to a third party, the AG is not a party, and his claim is not properly before the Court. Regardless of what the AG has alleged, it will be the trustee's burden in this case to prove that BCPF was injured whenever Legacy obtained a donation if it intends to seek recovery of the full $20,280,512.

In addition, defendants' objection to the $20,280,512 claim does not warrant dismissal of any particular cause of action. Defendants acknowledge that there are categories of damage that may be

ORDER GRANTING IN PART THE PATON
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 2

example, BCPF may be entitled to recover the compensation it paid to Paton for his services as well as whatever benefit Paton acquired indirectly from BCPF through Legacy. In addition, the trustee may be able to show that BCPF paid too much for Legacy's services and/or that Paton's breach caused other injuries, such as a drop in donations and the IRS' revocation of the charity's tax-exempt status.

### (3) Fifth Cause of Action – Voidable Transfers Under 11 U.S.C. § 547

The trustee's fifth cause of action is based on allegations that $1,132,179.65 was transferred from BCPF to Legacy between July 2012 and April 2013, that BCPF was insolvent at the time, and that validation of the transfers would enable Legacy to receive more than it would have received in distributions from the bankruptcy estate under the bankruptcy code. BCPF filed for bankruptcy on July 2, 2013. The trustee provides no evidence to support her claim that the charity was insolvent before that date. Instead, she asserts that each dollar raised by BCPF in the year before it declared bankruptcy automatically generated a countervailing liability that pushed BCPF into the red. No case law or statute is cited for the remarkable proposition that an otherwise solvent company with a positive cash flow and current accounts payable is deemed insolvent at the time it engages in liability-generating conduct, even though no claim of liability has been made or proven. The trustee has failed to raise a genuine issue of fact regarding BCPF's solvency as of April 1, 2013.

### (4) Eighth Cause of Action - Charitable Trust

The trustee asserts that Paton owed common law and statutory duties as the trustee of a charitable trust. The trustee does not, however, explain how she has standing to seek damages for a breach of those duties. Under the Restatement (Second) of Trusts § 391, a co-trustee of a common law charitable trust can file suit to force of the trust. There is no provision for an award

---

recoverable. See Dkt. # 250 at 11 n.77. While the trustee will likely have difficulty proving injury and/or causation regarding amounts Legacy raised for BCPF, that is only one element of the trustee's damage claim and does not, in and of itself, justify dismissal of the causes of action in their entirety.

ORDER GRANTING IN PART THE PATON
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 3

of money damages: "[t]he remedies for the failure of the trustees of a charitable trust to perform their duties under the trust are exclusively equitable." Restatement (Second) of Trusts § 392. The Washington Charitable Trusts Act, RCW 11.110.010 *et seq.*, specifies that "[a] civil action for a violation of this chapter may be prosecuted by the attorney general or by a prosecuting attorney." RCW 11.110.030. Assuming, for purposes of this motion, that both the common law and statutory remedies are available in Washington, the proper remedy for the mismanagement of public charitable trust funds appears to be an injunction, relief in a proceeding brought by the AG or a prosecutor, or recovery of the trust property by the settlor on the ground that the trust has failed and its conditions were broken. In this case, the trustee, standing in the shoes of Paton's co-trustee's, seeks recovery of money damages on behalf of the trust itself. The claim is not cognizable under Washington law.

For all of the foregoing reasons, the Paton defendants' motion for summary judgment (Dkt. # 250) is GRANTED in part. The first, second, fifth, and eighth causes of action are hereby DISMISSED. The Court need not determine whether defendants engaged in spoliation when BCPF's donor lists were deleted or the appropriate inferences or sanctions for such behavior when ruling on this motion.

Dated this 25th day of January, 2017.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART THE PATON
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 4